**UNITED STATES of America**

v.

**Antonio STITT, Appellant.**

No. 06–2572.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 21, 2008.

Filed: May 30, 2008.

Robert L. Eberhardt, Office of United States Attorney, Pittsburgh, PA, for United States of America.

R. Damien Schorr, Pittsburgh, PA, for Appellant.

BEFORE: SMITH and NYGAARD, Circuit Judges, and STAFFORD,* District Judge.

### OPINION OF THE COURT

NYGAARD, Circuit Judge.

This is an appeal from a resentence imposed after a *Booker* remand. The conviction in this case arose from a guilty plea on drug charges. Stitt filed a timely appeal.

Because we write exclusively for the parties, who are familiar with the facts and proceedings below, we will not revisit them here. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Stitt's appointed counsel has examined the record, concluded that there are no non-frivolous issues for review, and requested permission to withdraw.

This request was accompanied by a brief identifying one issue as arguably possessing merit: whether prior convictions, not included in the Indictment nor admitted to by the defendant, can lawfully be considered in determining his sentence. Stitt argued that the use of his prior convictions to determine his sentence violated his Sixth Amendment and due process rights. He asserted that *Almendarez–Torres v.*

* Honorable William H. Stafford, Jr., Senior District Judge for the United States District Court for the Northern District of Florida, sitting by designation.

*United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which permits consideration of his prior convictions, has been "all but overruled" and should not be applied in this case.

Stitt's counsel, however, concedes that this Supreme Court precedent remains binding in this instance. Additionally, counsel acknowledges that, even *post-Booker,* the District Court does not have authority to impose a sentence lower than the statutory minimum, which in this case was twenty years.

Accordingly, we find that there are no non-frivolous arguments raised in this appeal. We will grant counsel's motion to withdraw and we will affirm the judgment of the District Court.